UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| MICHAEL PETRO, et al., ) | |
| ) | |
| Plaintiffs, ) | Civil No. 11-151-GFVT |
| ) | |
| V. ) | |
| ) | **MEMORANDUM OPINION** |
| BENJAMIN JONES, et al., ) | **&** |
| ) | **ORDER** |
| Defendants. ) | |

*** *** *** ***

In the spring of 2010, on Kentucky Route 1275, a two-lane road in Wayne County, Kentucky, the Petro family[1], traveling in a vehicle owned by James Neal, collided head-on with a car driven by Benjamin Jones. Gracie Sumner was sitting in the front passenger's seat of Jones' vehicle. After the accident, the Petroes filed suit against Jones and the interested insurance companies, Auto Owners Insurance Company, Erie Insurance Exchange, and Celina Mutual Insurance Company, hoping to recover benefits under the respective policies issued by each insurer.

Before the Court now is the Petroes' Motion for Partial Summary Judgment. They submit that the evidence as to Jones' liability is overwhelming and uncontroverted, and that on this issue they are entitled to judgment as a matter of law. This Court, having reviewed and carefully considered the law of negligence within the Commonwealth, finds that summary judgment with respect to Jones' liability is appropriate and thus the Petroes' motion will be GRANTED.

---

[1] The Petro family includes Michael and Teena Petro, husband and wife, and Brandon and Kimberly Petro, husband and wife, and their three minor children.

# I

Pursuant to Federal Rule of Civil Procedure 56(c), summary judgment should be granted "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." "A genuine dispute exists on a material fact, and thus summary judgment is improper, if the evidence shows 'that a reasonable jury could return a verdict for the nonmoving party.'" *Olinger v. Corporation of the President of the Church*, 521 F. Supp. 2d 577, 582 (E.D. Ky. 2007) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)). Stated otherwise, "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson*, 477 U.S. at 252. In reviewing a motion for summary judgment, the court "must construe the evidence and draw all reasonable inferences in favor of the nonmoving party." *Browning v. Dept. of Army*, 436 F.3d 692, 695 (6th Cir. 2006) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 495 U.S. 574, 587 (1986)).

The moving party has the initial burden of demonstrating the basis for its motion and identifying those parts of the record that establish the absence of a genuine issue of material fact. *Chao v. Hall Holding Co., Inc.*, 285 F.3d 415, 424 (6th Cir. 2002). The movant may satisfy its burden by showing "that there is an absence of evidence to support the non-moving party's case." *Celotex Corp.*, 477 U.S. at 325. Once the movant has satisfied this burden, the non-moving party must go beyond the pleadings and come forward with specific facts to demonstrate there is a genuine issue. *Hall Holding*, 285 F.3d at 424 (citing *Celotex*, 477 U.S. at 324). Moreover, "the nonmoving party must do more than show there is some metaphysical doubt as to

the material fact. It must present significant probative evidence in support of its opposition to the motion for summary judgment." *Id.* (internal citations omitted).

Finally, the trial court is under no duty to "search the entire record to establish that it is bereft of a genuine issue of material fact," and "the nonmoving party has an affirmative duty to direct the court's attention to those specific portions of the record upon which it seeks to rely to create a genuine issue of material fact." *In re Morris*, 260 F.3d 654, 655 (6th Cir. 2001). In applying the summary judgment standard, the Court must review the facts and draw all reasonable inferences in favor of the non-moving party. *Logan v. Denny's, Inc.*, 259 F.3d 558, 566 (6th Cir. 2001) (citing *Liberty Lobby*, 477 U.S. at 255). Ultimately, the proper inquiry is whether the state of the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Slusher v. Carson*, 540 F.3d 449, 453 (6th Cir. 2008) (citing *Anderson*, 477 U.S. at 251-52).

## II

The Petroes' liability claim against Jones is premised on negligence. Here, they assert that there is no need for the issue of liability to proceed to trial. They contend that all the evidence proves that the accident occurred due to the sole negligence of Jones. [R. 120, at 7.] The Defendants, with the exception of Jones, more or less agree with the Petroes' assessment. Both Celina and Erie are content with a finding that Jones was liable for the accident. According to Celina the "facts as developed will support a finding of liability for Benjamin Jones " and thus it "consents to the entry of Partial Summary Judgment of Liability regarding his conduct." [R. 123, at 1.] Further it asserts that "[n]ow that discovery has closed, [it] can stipulate that Jones crossed the centerline and no other cause of the accident was established by any party." [*Id.* at 3.] Erie notes that it too "would stipulate and/or make no objection to Plaintiffs' Partial Motion

3

for Summary Judgment on their negligence claim against Benjamin Jones." [R. 122, at 2.] Furthermore, "Erie does not object the submission of Defendant Jones's alleged liability to this Court for the purpose of either determining fault or determining the need for a jury trial on that issue of law." [*Id.*]

Auto-Owners takes a more deliberate approach and refrains from consenting to the entry of partial summary judgment as to Jones' negligence noting that it "does not object to the submission of [] Jones's alleged liability to this Court for the purpose of either determining fault or determining the need for a jury trial on the issue of Jones' liability and comparative fault." [R. 124, at 1.]

Separately, Benjamin Jones, argues that summary judgment is not appropriate. [R. 126, at 1.] Based on his inability to recall the events of that fateful day, he opines that the issue of liability should be heard and decided by a jury. [*Id.*]

In Kentucky, to establish negligence, a plaintiff must demonstrate the existence of a duty, breach thereof, causation, and damages. *Illinois Central Railroad v. Vincent,* 412 S.W.2d 874, 876 (Ky.1967); *Mullins v. Commonwealth Life Insurance Company,* 839 S.W.2d 245, 247 (Ky.1992). Ordinarily, the existence of a duty is a question of law for the court, while breach and injury are questions of fact for the jury. *Pathways, Inc. v. Hammons,* 113 S.W.3d 85, 89 (Ky.2003). The causation determination can be a question of both law and fact. *Id.* Causation creates a question of law when " 'there is no dispute about the essential facts and but one conclusion may reasonably be drawn from the evidence.' ") *Id.* at 92 (quoting *McCoy v. Carter,* 323 S.W.2d 210, 215 (Ky. 1959)).

Notably, "summary judgment is rarely appropriate in controversies governed by a negligence standard because the facts and circumstances of each case determine the degree of

care by which the defendant's conduct is to be measured." *Ashby v. Hustler Magazine, Inc.,* 802 F.2d 856, 858 (6th Cir.1986). Despite this general view of summary judgment, submission of the issues raised here by the Petroes to the jury is not necessary if no genuine issue of material fact exists. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.' " *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986) (quoting *First Nat. Bank of Arizona v. Cities Servs. Co.*, 391 U.S. 253, 289, (1968)); *see also White v. Baxter Healthcare Corp.*, 533 F.3d 381, 389-390 (6th Cir. 2008).

With this in mind, the Court must determine whether the Petroes have met their burden for establishing negligence under the summary judgment standard as set out above. Only then are they entitled to the relief they seek.

**1**

The Court first turns briefly to whether Jones had a duty to exercise reasonable care while driving his vehicle. The answer to this question is obviously yes. The Kentucky Supreme Court has recognized "the general principle that each member of the public owes the remainder of the public a duty to exercise reasonable care in his or her everyday affairs." *Morgan v. Scott*, 291 S.W.3d 622, 631 (Ky. 2009). Defendants neither dispute this general proposition nor challenge its relevancy in this context, and thus the Court finds that Jones owed a duty of reasonable care to all other drivers on the road.

**2**

Having found a duty, the Court must determine if there is a factual dispute about whether Jones breached that duty. It appears from the record that the only reasonable conclusion to be drawn is that Jones breached this duty. To satisfy their burden under the summary judgment

standard, the Petroes proffer the deposition testimony of Sumner and several eye witnesses, Lena Troxell, Timmy Troxell, and Richard Keebler, who were at the scene of the accident. All conclude that Jones caused the accident by crossing the center line of Route 1275. [R. 118, at 9-10; R. 120-12, at 1-3.] The Commonwealth recognizes "that when a collision occurs on the defendant's left side of the road, there is a prima facie case of negligence. The obligation to go forward and to explain the reason for being on the wrong side of the road passes to the defendant." *Webb Transfer Lines, Inc. v. Taylor*, 439 S.W.2d 88, 95 (Ky. 1968). The Defendants have not tried to refute the testimony of these witnesses or proffer specific facts to demonstrate that a genuine issue exists as to this fact. Thus, submission to the jury is not necessary. It is clear that Jones' breached his duty of reasonable care.

### 3

Next, "[t]he court has the duty to determine 'whether the evidence as to the facts makes an issue upon which the jury may reasonably differ as to whether the conduct of the defendant has been a substantial factor in causing the harm to the plaintiff.' " *Pathways, Inc. v. Hammons*, 113 S.W.3d 85, 92 (Ky. 2003) (quoting Restatement (Second) of Torts § 431(1)(a)). The Petroes have sufficiently met their burden under the summary judgment standard here too. Again, the evidence from the eye-witnesses stating that Jones' vehicle was over the center line is compelling. Moreover, the fact that Jones' passenger, Sumner, corroborates and affirms the recollection of events as seen by the eye-witnesses is also convincing. [R. 118, at 8.] Erie and Celina waste no time trying to refute the overwhelming evidence against Jones. Rather, they are willing to concede Jones' liability. Auto Owners does not offer as much in the way of concessions, but it proffers no evidence to dispute the claims made by the eye witnesses or Sumner.

Jones, however, argues against summary judgment with respect to his own liability, but provides little reasoning for his position. He asserts that "[w]hile [he] may not be able to make a specific statement as to the location of the collision, his statements are far from an admission of fault for this accident. Such uncertainty creates an issue of fact that is properly reserved for the jury." [R. 126, at 1.] On these two sentences, he stakes his whole argument against summary judgment. These brief remarks lead to an indefensible posture. Essentially, Jones advocates that a trial is necessary even though he has not been able to recall where exactly he was on the road when the collision between his car and the vehicle the Petroes were traveling in occurred. The existence of significant probative evidence is what is needed here to survive summary judgment, not some metaphysical doubt created by his inability to remember what exactly happened. Without more from Jones or any other Defendant, submission to the jury is unnecessary. A finding here that Jones was the substantial factor in causing the harm to the Petroes is appropriate.

**4**

Finally, no one disputes the existence of actual injuries. Based on the pictures submitted as attachments to the Petroes' motion, it is clear that extensive damage was done to both vehicles involved in the accident. [R. 120-11, at 1-10.] Moreover, the purported cost of medical care received by the Petroes resulting from the accident is well-documented in the record. Thus, a finding of actual injury is proper under the summary judgment standard.

Having found liability, the Court does not review the issue of damages. The amount of damages to be awarded is primarily a question for the jury to decide. *See Chesapeake & O. Ry. Co. v. Hay*, 88 S.W. 318, 321 (Ky. 1935); *see also Radford v. DVA Renal Healthcare, Inc.*, 2010 WL 4779927, *5 (E.D. Ky. Nov. 16, 2010) ("In examining a dispute over damages, Kentucky

7

has long held that questions raised concerning damages are essentially questions of fact.") Hence, this Court's deliberate decision to abstain from ruling on the amount of damages the Petroes are entitled to receive.

### III

Accordingly, and the Court being sufficiently advised, it is hereby **ORDERED** that the Petroes' Motion for Partial Summary Judgment [R. 120] is **GRANTED**.

This 1st day of May, 2013.

Signed By:
*Gregory F. Van Tatenhove*
United States District Judge