00071301.338                              (ELECTRONICALLY FILED)

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF KENTUCKY
## SOUTHERN DIVISION
## LONDON

| | | |
|---|---|---|
| MICHAEL PETRO, et. al. | : | CASE NO.: 6:11-cv-00151 |
| | | (Judge Van Tatenhove) |
| | : | |
| -vs- | | **PLAINTIFFS' REPLY MEMORANDUM** |
| | : | **IN SUPPORT OF MOTION FOR** |
| | | **SANCTIONS AGAINST AUTO OWNERS** |
| BENJAMIN JONES, et. al. | : | **INSURANCE COMPANY** |

Oral Argument Requested

Defendant Auto-Owners Insurance Company ("Auto-Owners") defends the Plaintiffs'

Motion for Sanctions by trying to redirect the Court away from its clear violations of the Civil Rules,

and turn the argument to whether the Plaintiffs acted properly. Auto-Owners declined to address its

repeated failures to comply with the Civil Rules, which lead to this Motion.

Auto-Owners' primary defense is the argument that because Defendant Jones contested his

liability for the accident at issue, it had no duty to independently assess and evaluate the merits of

the case, no duty to undertake a "reasonable inquiry" into the matters addressed in the Requests for

Admissions, and no duty to adequately respond to Plaintiffs' Requests for Admissions. It argues that

its responses were "meaningless" because Defendant Jones, assessed his liability for the accident in

a manner contrary to all evidence, and that Auto-Owners was entitled to rely on Jones' assessment

without independently determining the merits of the allegations against it.

Auto-Owners' defense to this Motion ignores entirely its affirmative defense of comparative

negligence against Plaintiff Brandon Petro. Regardless of Jones' position regarding his liability,

1

Auto-Owners gave no reason for its failure to admit, at any time, that it had no evidence to support this defense.

Auto-Owners' response is further based on the assumption that all Defendants named originally in this action are treated as one and the same party for purposes of their responses. It argues that Plaintiffs do not have the right under the Civil Rules to address discovery to each Defendant individually, and expect responses based on each Defendant's independent assessment and analysis of the merits of the case and the merits of the defenses it raised.

Auto-Owners' arguments run contrary to the Civil Rules, and do not insulate it from liability for sanctions under FRCP 37. The uncontroverted evidence is that Auto-Owners failed to undertake any "reasonable inquiry" into the merits of Plaintiffs' Requests for Admission. Despite repeatedly acknowledging that it responded to the Requests by stating that "… it has made a reasonable inquiry in order to respond" and that "… the information it knows or that can be readily obtained is insufficient to enable Auto-Owners to admit or deny Plaintiffs' requests…," Auto-Owners failed to delineate any "reasonable inquiry" whatsoever that it conducted.

1. **Plaintiffs' Requests for Admission were of Substantial Importance to their Burden of Proof on the Causes of Action against Auto-Owners.**

Auto-Owners argued that Plaintiffs' Requests for Admission were "meaningless" and not of "substantial importance," based on FRCP 37, which states:

Failure to Make Disclosures or to Cooperate in Discovery; Sanctions.

(c)(2) Failure to Admit. If a party fails to admit what is requested under Rule 36 and if the requesting party later proves a document to be genuine or the matter true, the requesting party may move that the party who failed to admit pay the reasonable expenses, including attorney's fees, incurred in making that proof. The court must so order unless: (A) the request was held objectionable under Rule 36(a); (B) the admission sought was of no substantial importance; (C) the party failing to admit had a reasonable ground to believe that it might prevail on the matter; or (D) there was

2

other good reason for the failure to admit.[1]

Plaintiffs' Requests for Admission served on Auto-Owners are of "substantial importance" as they were potentially dispositive of Plaintiffs' burden of proof on liability for the accident, as against Auto-Owners. *Campbell v. Spectrum Automation Co.*, 601 F.2d 246, 253 (C.A.6 1979).

Auto-Owners makes the incorrect argument that, since Plaintiffs have the same burden of proof against all Defendants, the Requests for Admissions must establish the identical proof against all, or they are "meaningless."  Of course, Auto-Owners failed to cite any authority for this proposition, because none exists.

Plaintiffs have an independent burden of proof against all Defendants.  Likewise, each Defendant has an independent duty to evaluate its defenses to the Plaintiffs' causes of action, especially when the Defendant is an insurance company that insures the Plaintiffs, and owes a duty of good faith in the handling of their claims.

Plaintiffs must, by necessity, establish the required proof against each party separately.  It is not uncommon in multi-party litigation for some Defendants to be dismissed prior to trial, leaving the remaining Defendants in the case.  It is entirely proper for Plaintiffs to address discovery, including Requests for Admissions, separately to each party, and to expect each Defendant to independently assess the requests and provide a proper and meaningful response.

Auto-Owners argued that, because Defendant Jones is currently a party, it cannot independently admit Requests for Admissions unless and until Jones admits liability.  Not only is this circuitous, nonsensical and unsupported in the law, but omits the fact that the only reason Jones is still in this case is because Auto-Owners chose to advance pay his tender of insurance policy

---

1 Auto-Owners did not argue the application of any of the other delineated defenses under this Civil Rule.

limits to keep him here.   See, Motion to Dismiss by Deft. Jones (Doc. 59) and Response in

Opposition (Doc. 71).**²**

During the discovery phase of this case, Plaintiffs had every right to conduct the discovery

they felt was necessary to establish the proof needed for trial, including Requests for Admissions,

independently against each Defendant.  If Auto-Owners' proposition of law is adopted, this Court

will be forging new law, establishing that an Underinsured Motorists insurance company's duty to

respond to discovery is dependent and contingent upon the position taken by the tortfeasor, and that

such insurers have no independent duty to evaluate the evidence and respond accordingly.

**2.       In responding to the Plaintiffs' Requests for Admissions, Auto-Owners was required to conduct a "reasonable inquiry" into the evidence that was readily available to it.**

Auto-Owners argues for a "bright line" rule that a party is not required to seek information

from persons outside of its employ, to respond to a request for admission.  The established law is

just the opposite.  In *Haggie v. Coldwell Banker Real Estate Corp.*, (N.D. Miss. 2007), Case. No.

4:04CV111-M-A, the Court held that "… there is no bright line rule defining the limits of a

'reasonable inquiry.'" The Court went on to state:

> "Instead, a court must examine each case in light of its specific facts and
> circumstances to determine whether a responding party made a reasonable inquiry to
> determine whether the request should be admitted or denied or if there is insufficient
> information to permit a definitive response."

In *T. Rowe Price Small-Cap Fund, Inc. v. Oppenheimer & Co., Inc.*, 174 F.R.D. 38

(S.D.N.Y. 1997), the Court held:

> What constitutes "reasonable inquiry" and what material is "readily obtainable" is a

---

2  Auto-Owners argues that "Because Jones remained a party, in the event of a trial Auto-Owners, as a UIM carrier, could have chosen not to participate."  Auto-Owners' Response to Plaintiffs' Motion for Sanctions, Doc. 146, at pg. 7. This is contrary to Kentucky law.  When an insurer substitutes its payment for the tortfeasor's insurer, it must be named to the jury, and participate at trial.  *Mattingly v. Stinson*, 281 S.W.3d 796 (Ky. 2009); *Earle v. Cobb*, 156 S.W.3d 257 (Ky.2004).

relative matter that depends upon the facts of each case. [Citations omitted] However, "[b]ecause rule 36 admission requests serve the highly desirable purpose of eliminating the need for proof of issues upon trial, there is a strong disincentive to finding an undue burden [in responding] where the responding party can make the necessary inquiries without extraordinary expense or effort...."

See, also, *Drutis, et al., v. Rand McNally & Co., et al.*, 236 F.R.D. 325, 330 (E.D.Ky. 2006)

("…the better rule is that an answering party must conduct a reasonable inquiry and answer a RFA if

the information is readily obtainable, even though the answering party has no personal knowledge of

the facts.."). Also, *Little Hocking Water Assn., Inc. v. E.I. Du Pont De Nemours & Co*., Case No.

2:09-cv-1081 (S.D., Ohio 2009); *Tustin v. Motorists Mutual Insurance Co*., Case No. 5:08-CV-111

(W.Va. 2009).

In *Campbell v. Spectrum Automation Co.*, 601 F.2d 246, 253 (6th Cir. 1979), the Court held:

"Rule 26(b) permits discovery of 'any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery *or the claim or defense of any other party.*' *That a request seeks admissions on 'ultimate facts,' or is dispositive of the entire case, is irrelevant.*" [Emphasis added]

FRCP 36 permits a party to seek admissions regarding the facts, the application of law to the

facts, and about a party's opinions regarding the facts. FRCP 36 states:

(a)     SCOPE AND PROCEDURE.
(1)     Scope. A party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b) (1) relating to:
        (A)     *facts, the application of law to fact, or opinions about either*; and
        (B)     the genuineness of any described documents.
        [Emphasis added]

Auto-Owners' evaluates and assesses liability for automobile accidents every day, in

handling claims by and against its many insureds. Yet, it argued that, unless one of its employees

actually witnessed the accident, it cannot arrive at a determination of fault or apportionment of

fault.[3]  It argues that it cannot investigate an accident on its own to arrive at these conclusions, but must simply adopt the position of the Defendant/driver – even if that person (Jones) is not its insured.  This argument is absurd, and directly in violation of Indiana law,[4] especially where the Plaintiffs are persons insured under the Auto-Owners' policy, and are therefore owed a duty of good faith in all respects.

The questions this Court should be asking are: What inquiry did Auto-Owners undertake to respond to the Requests for Admissions?  What information did it know, or was readily obtainable to it?  Was this inquiry reasonable?  Unfortunately, Auto-Owners did not provide answers to any of these questions, despite the fact that all of the information necessary to evaluate Jones' liability was "readily obtainable" by Auto-Owners via simple telephone calls or formal discovery.  It chose not to undertake either, but instead to misrepresent to the Court and counsel that it undertook a "reasonable inquiry" into the matters requested, and was unable to fully admit or deny the requests, when it had not.  See, Affidavits of Keebler (Doc. 120-2), T. Troxell (Doc. 120-4), L. Troxell (Doc. 120-6), Caudill (Doc. 120-8) and Officer Hurd (Doc. 120-9), deposition of Sumner, Doc. 118, at pgs. 18-19.
 Auto-Owners could have made the necessary inquires "… without extraordinary expense or effort."
*T. Rowe Price Small-Cap Fund, Inc. v. Oppenheimer & Co., Inc.,* supra.

**3.**     **Auto-Owners was required to supplement its responses to the Requests for Admissions.**

---

3  In its Memorandum, at pg. 7, Auto-Owners stated:
    "Auto-Owners was not present during the accident; therefore, Auto-Owners was not in a position to determine the credibility of all of the witnesses to the accident or to determine how liability should be apportioned between the drivers."
4  This Court previously ruled that Indiana law applies to issues of insurance coverage in this matter.  Indiana law provides:
        IC  §27-4-1-4.5 Enumeration of unfair claims settlement practices
        The following are unfair claims settlement practices:
                                    * * *
        (3) Failing to adopt and implement reasonable standards for the prompt investigation of claims arising under insurance policies;

Auto-Owners argued that it was not required to supplement its responses because the Plaintiffs had the information regarding Jones' liability when they scheduled and took Jones' and Sumner's depositions and obtained witness affidavits. Auto-Owners' basis for this argument is the general provision under FRCP 26 that a party is required to supplement responses to interrogatories, document requests and requests for admission, unless the requested information has "otherwise been made known to the other parties during discovery…" FRCP 26(e)(1)(A). At no time was the requested information, i.e., Auto-Owners' determination of Jones' liability for the accident, and Auto-Owners' lack of evidence of comparative negligence by Brandon Petro, made known to the Plaintiffs.

As this Court found, "when a collision occurs on the defendant's left side of the road, there is a prima facie case of negligence. The obligation to go forward and to explain the reason for being on the wrong side of the road passes to the defendant." *Webb Transfer Lines, Inc. v. Taylor*, 439 S.W.2d 88, 95 (Ky. 1968). Despite this long-standing law in Kentucky, Auto-Owners maintained its refusal to admit the Requests for Admission, even after it learned (through no effort of its own) that the evidence did not support its denials. This Court further found that Auto-Owners did not even try to refute the eyewitness testimony provided by the Plaintiffs, nor did it proffer any evidence demonstrate the existence of a genuine issue of fact on this issue. (Doc. 141, pg. 6).

The purpose of Requests for Admission is to eliminate the time, expense and necessity of proof of matters not in dispute. If Auto-Owners had conducted <u>any</u> investigation at all, even the most basic act of dialing the phone to speak to the numerous eyewitnesses about their observations, or to counsel for Jones or Ms. Sumner, it would have realized, long ago, that all evidence established

---

(4) Refusing to pay claims without conducting a reasonable investigation based upon all available information.

Defendant Jones' sole liability for the accident. Instead, Auto-Owners did all that it could to avoid admitting these facts, without any basis for doing so. In *Marchand v. Mercy Medical Center*, 22 F.3d 933, 936-937 (9th Cir. 1994), the Court held:

> "Parties may not view requests for admission as a mere procedural exercise requiring minimally acceptable conduct. They should focus on the goal of the Rules, full and efficient discovery, not evasion and word play."

Auto-Owners failed to engage in even "minimally acceptable conduct," which is inappropriate. Yet, it argued that its behavior should be ignored by this Court because the Plaintiffs ultimately did the necessary discovery to prove beyond cavil the matters requested in the Requests for Admission, making the requested information known to them, per FRCP 26(e)(1)(A). This argument is circuitous, and without merit.

A party's failure to properly supplement warrants appropriate sanctions. *See* FRCP 37(c); *Southern States Rack & Fixture, Inc. v. Sherwin-Williams Co.,* 318 F.3d 592, 597 (4th Cir.2003). Also, *Lynn v. Monarch Recovery Management, Inc*., 285 F.R.D. 350, 364 (D.Md. 2012). By failing to do so, Auto-Owners caused the Plaintiffs to engage in expensive discovery, and to prosecute a Motion for Partial Summary Judgment. By doing so, it is liable for sanctions pursuant to FRCP 37.

4.      **That Plaintiffs may have incurred some of the same costs that they seek in this Motion to prove Defendant Jones' liability is irrelevant, and does not render the costs and expenses sought herein moot.**

Auto-Owners argued, without any factual evidence to support its position, that Plaintiffs would have been required to conduct all of the same discovery against Jones to prove his liability, so sanctions should not be awarded. There is nothing in FRCP 36 or 37 that states that sanctions shall be awarded only if the moving party demonstrates that the costs and expenses in question are entirely separate and apart from any similar costs that <u>may</u> have occurred in proving their case

against another party.  A party's litigation strategy can, and often is, different towards different parties.  There is no law supporting Auto-Owners' position that it can avoid sanctions because some of the same proof is required against another party.

The Civil Rules treat each party separately.  Each party, including Auto-Owners, is required to respond on its own merits.  As held by this Court in granting Plaintiffs' Motion for Partial Summary Judgment, neither Jones nor any other party had a legitimate defense to liability.

Auto-Owners' argument is flawed on two bases.  First, it assumes that the Plaintiffs would have undertaken the same discovery to prove Jones' liability, and would have filed the Motion for Partial Summary Judgment, as it did.  There is no support in the record for this assumption.  Jones tendered his policy limits, is in prison for a lengthy stay, and (as Plaintiffs knew) never saw the collision and never knew what happened.  If Jones was the sole Defendant, there would have been no reason to undertake this expensive and time-consuming process.

Second, Auto-Owners' posed the question as: "The relevant inquiry is: Had Auto-Owners admitted Jones' liability, what would Plaintiffs not have to prove?"  The simple answer is – Plaintiffs would not have had to prove liability for the accident against Auto-Owners. Period. This is the only relevant inquiry.  Auto-Owners is responsible for its actions, and cannot shield itself because Plaintiffs may or may not have chosen to undertake some of the same discovery against others.

**CONCLUSION**

Defendant Auto-Owners Insurance Company failed and refused to admit certain Requests for Admission regarding liability for the auto accident at issue herein, despite overwhelming evidence supporting such admissions, and failed to conduct even the most basic inquiry into the matters

requested.  Therefore, sanctions are warranted.

Respectfully Submitted,

DRODER & MILLER CO., L.P.A.


s/ Richard J. Rinear
By  Richard J. Rinear KBA #81051
Attorney for Plaintiffs
125 W. Central Parkway
Cincinnati, Ohio  45202
(513) 721-1504
(513) 721-0310 Facsimile
rrinear@drodermiller.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 2nd day of August, 2013, I electronically filed the foregoing Motion for Sanctions with the Clerk of the Court via the CM/ECF system, which will send notification of such filing on the following attorneys:

R. Craig Reinhardt, Esq.
creinhardt@reinhardtlaw.com

Licha H. Farah, Jr., Esq.
lfarah@whtlaw.com

Deanna M. Tucker, Esq.
dmt@sobmlegal.com
James M. Bricken IV
jbricken@whtlaw.com

Evan B. Jones, Esq.
ejones@landrumshouse.com
David K. Barnes, Esq.
dbarnes@sobmlegal.com

John G. McNeill, Esq.
jmcneill@landrumshouse.com

Katherine Jeanelle Hornback, Esq.
khornback@reinhardtlaw.com


DRODER & MILLER CO., L.P.A.


s/ Richard J. Rinear
By  Richard J. Rinear KBA #81051
Attorney for Plaintiffs
125 W. Central Parkway
Cincinnati, Ohio  45202
(513) 721-1504
rrinear@drodermiller.com