UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| MICHAEL PETRO, et al, | ) | |
| | ) | |
| Plaintiffs, | ) | Civil No. 11-151-GFVT |
| | ) | |
| v. | ) | |
| | ) | |
| BENJAMIN JONES, et al., | ) | **MEMORANDUM OPINION** |
| | ) | **&** |
| Defendants. | ) | **ORDER** |
| | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This case arises out of an automobile accident involving the Petro family in Wayne County, Kentucky. [R. 134 at 2.] After the accident, the Petros filed this action against Benjamin Jones, Auto-Owners Insurance Company, Erie Insurance Exchange and Celina Insurance Company. Before the Court is the Petros' motion for sanctions filed against Auto-Owners and Erie. [R. 144.] On March 5, 2014, the Court held a hearing and heard arguments on the motion for sanctions. [R. 190.] All claims have been dismissed as to Erie, since the filing of this motion, so claims against Erie are moot. [R. 162.] Consequently, the Court's discussion will be appropriately limited to Auto-Owners.

**I**

The Petros served Requests for Admissions on Auto-Owners on October 25, 2011. [R. 144 at 3.] Auto-Owners answered on November 28, and then supplemented their responses on January 26, 2012. [Id.] Three admissions are specifically at issue. The requests, responses and supplemental responses are below:

    1.    The Accident occurred wherein the vehicle operated by Jones pulled into the path of Plaintiffs vehicle.

RESPONSE: Auto-Owners denies that Jones pulled into the path of Plaintiffs vehicle in that none of the Plaintiffs were operating or occupying a vehicle owned by any of the Plaintiffs. Auto-Owners further states that it does not have information sufficient to admit or deny the remainder of Plaintiffs' Request in that discovery in this matter is in its infancy, it has made a reasonable inquiry in order to respond to this request, and the information it knows or that can be readily obtained is insufficient to enable Auto-Owners to admit or deny Plaintiffs' request at this time.

SUPPLEMENTAL RESPONSE: Auto-Owners objects to this request as premature since discovery has not been completed concerning the issues of fact of this case, specifically with regard to liability, pending resolution of the insurance coverage issues. Without waiving this objection, Auto-Owners states that according to the Uniform Traffic Collision Report, Jones' vehicle entered the lanes of travel in which Plaintiffs were traveling. Auto-Owners reserves the right to supplement this response as discovery progresses.

2. Jones is solely responsible for causing the Accident.

RESPONSE: Objection insofar as this Request is overly broad and seeks a legal conclusion. Without waiving this objection, Auto-Owners states that it does not have information sufficient to admit or deny Plaintiffs' Request in that discovery in this matter is in its infancy, it has made a reasonable inquiry in order to respond to this request, and the information it knows or that can be readily obtained is insufficient to enable Auto-Owners to admit or deny Plaintiffs' request at this time.

SUPPLEMENTAL RESPONSE: Auto-Owners objects to this request as premature since discovery has not been completed concerning the issues of fact of this case, specifically with regard to liability, pending resolution of the insurance coverage issues. Auto-Owners further objects in that Plaintiffs' seek a legal conclusion and admission as to comparative fault for the accident. Without waiving this objection, Auto-Owners states that according to the discovery responses of Michael, Brandon, and Teena Petro, one of more of the Plaintiffs may have comparative fault for the accident. Auto-Owners reserves the right to supplement this response as discovery progresses.

3. Auto-Owners is not aware of any information that the actions of any Plaintiff caused or contributed to causing the Accident.

RESPONSE: Auto-Owners states that it does not have information sufficient to admit or deny Plaintiffs' Request in that discovery in this matter is in its infancy, it has made a reasonable inquiry in order to respond to this request, and the

> information it knows or that can be readily obtained is insufficient to enable Auto-Owners to admit or deny Plaintiffs' request at this time.
> SUPPLEMENTAL RESPONSE: Auto-Owners objects to this request as premature since discovery has not been completed concerning the issues of fact of this case, specifically with regard to liability, pending resolution of the insurance coverage issues. Auto-Owners further objects in that Plaintiffs' seek a legal conclusion and admission as to comparative fault for the accident. Without waiving this objection, Auto-Owners states that according to the discovery responses of Michael, Brandon, and Teena Petro, Michael and Brandon saw the Jones vehicle prior to the collision. As such, the evidence in this case may show that Brandon Petro has comparative fault for the accident. Auto-Owners reserves the right to supplement this response as discovery progresses.

(R. 144 at 4-5; R. 146 at 2-3.) As a result of Auto-Owners' "denials and purported inability to admit or deny the Requests," the Petros complain that they had to take two depositions and to interview and obtain affidavits from five witnesses. [R. 144 at 6.] On May 4, 2012, the Petros interviewed Benjamin Jones, the driver, and Gracie Sumner, who was a passenger in the vehicle and the girlfriend of Jones. [R. 144 at 7.] On May 23, Defense Counsel deposed Plaintiffs Michael, Teena, Brandon and Kimberly Petro. [R. 144 at 7.] On November 13, the Petros filed their motion for partial summary judgment. [R. 120.] Attached to that motion were the affidavits of five witnesses. [R. 144 at 7; R. 120, exhibits.] Auto-Owners chose to "not object to the submission of Defendant Jones's alleged liability to this Court for the purpose of either determining fault or determining the need for a jury trial on the issue of Jones' liability and comparative fault." [R. 124 at 1.] Notably, however, Jones did object, arguing against the entry of summary judgment. [R. 126.] On May 1, 2013, the Court granted the motion for partial summary judgment, finding that Jones was liable for the accident. [R. 141.] The Petros further complain that, despite the testimony and the time that has passed since the Requests were issued, Auto-Owners has failed to supplement their admissions. [R. 144 at 7.]

3

The Petros filed the instant motion for sanctions on July 9, alleging that Auto-Owners refusal to initially admit, and subsequently supplement, their responses to Requests for Admissions has cost them $23,478.00, which they now seek as sanctions. [R. 144-1 at 5.]

## II

### A

Federal Rule of Civil Procedure 36 provides that "[a] party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to: **(A)** facts, the application of law to fact, or opinions about either." Fed. R. Civ. P. 36. The purpose of the rule "is to require admission of matters which ought to be admitted, or which will not be disputed at the trial, so that the time, trouble and expense required to prove them may be avoided." *Metro. Life Ins. Co. v. Carr*, 169 F. Supp. 377, 378 (D. Md. 1959); See also *United States v. Smith*, 42 F.R.D. 338, 339 (W.D. Mich. 1967) ("The spirit and purpose of the Rule is that all undisputed contentions are to be admitted to limit the issues before reaching the trial stage."); *Moosman v. Joseph P. Blitz, Inc.*, 358 F.2d 686, 688 (2d Cir. 1966) ("the purpose of Rule 36 is to expedite trial by removing uncontested issues"); *T. Rowe Price Small-Cap Fund, Inc. v. Oppenheimer & Co., Inc.*, 174 F.R.D. 38, 42 (S.D.N.Y. 1997) ("The purpose of the rule is to reduce the costs of litigation by eliminating the necessity of proving facts that are not in substantial dispute, to narrow the scope of disputed issues, and to facilitate the presentation of cases to the trier of fact." (citing *Donovan v. Carls Drug Co., Inc.,* 703 F.2d 650, 652 (2d Cir.1983) (Rule 36 admissions may narrow issues and speed the resolution of claims)) (additional citations omitted)).

An "answering party may assert lack of knowledge or information as a reason for failing to admit or deny" but "only if the party states that it has made *reasonable inquiry* and that the

4

information it knows or can readily obtain is insufficient to enable it to admit or deny." Fed. R. Civ. P. 36 (emphasis added). "What constitutes 'reasonable inquiry' and what material is 'readily obtainable' is a relative matter that depends upon the facts of each case." *T. Rowe Price,* 174 F.R.D. at 43. The "rule requires only that the answering party make reasonable inquiry and secure such knowledge and information as are readily obtainable by him." Fed. R. Civ. P. 36, Advisory Committee Notes to 1970 Amendment. A *reasonable inquiry* is an inquiry "limited to persons and documents within the responding party's control (e.g., its employees, partners, corporate affiliates, etc.)." *U.S. ex rel. Englund v. Los Angeles Cnty.*, 235 F.R.D. 675, 685 (E.D. Cal. 2006). Such an inquiry, "does not require the responding party to interview or subpoena records from independent third parties in order to admit or deny a Request for admission." *U.S. ex rel. Englund*, 235 F.R.D., at 685 (citing *T. Rowe Price,* 174 F.R.D. at 43 (additional citations omitted); *But see Henry v. Champlain Enterprises, Inc.*, 212 F.R.D. 73, 78 (N.D.N.Y. 2003) ("The inquiry may require venturing beyond the parties to the litigation and include, under certain limited circumstances, non-parties, but surely not strangers."))

When a party does not comply with the dictates of Rule 36 then Federal Rule 37(c)(2), provides for sanctions:

> If a party fails to admit what is requested under Rule 36 and if the requesting party later proves … the matter true, the requesting party may move that the party who failed to admit pay the reasonable expenses, including attorney's fees, incurred in making that proof. The court must so order unless: **(A)** the request was held objectionable under Rule 36(a); **(B)** the admission sought was of no substantial importance; **(C)** the party failing to admit had a reasonable ground to believe that it might prevail on the matter; or **(D)** there was other good reason for the failure to admit.

Fed. R. Civ. P. 37. Of the four exceptions, Auto-Owners only argues subcategory (c), that the admission was of no substantial importance. [R. 146 at 5-8.] "An issue is of substantial

5

importance when it is material to the disposition of the case." *S.E.C. v. Happ*, 392 F.3d 12, 34 (1st Cir. 2004) (citing *Wash. State Dep't of Transp. v. Wash. Natural Gas Co., Pacificorp,* 59 F.3d 793, 806 (9th Cir. 1995)).

**B**

Before addressing the substance of the motions, the Court feels compelled to address the timing of this motion because there is some authority that a motion for sanctions for failure to properly admit, like the one before this Court, may not be made before the completion of trial. To explain this, a brief explanation of the five types of responses that a party can make to a request for admissions is necessary. A party may respond to a request for admission with:

> (1) an unqualified admission; (2) an unqualified denial; (3) a statement that the respondent has conducted a reasonable investigation into the substance of the request but that the information known or readily available to him or her is nonetheless insufficient to enable him or her to admit or deny the request; (4) a qualified admission which explains the need for and substance of the qualification or explanation; and (5) an objection to the request.

*Moore v. Rees*, 06 CV 22 KKC, 2007 WL 1035013 (E.D. Ky. Mar. 30, 2007). The responses in this case fall under either the third or fifth types of responses. Normally, "the appropriateness of the second and third type of response may only be assessed through a **post-***trial motion* for expenses under Rule 37(c)(2)." *Moore*, 2007 WL 1035013 (E.D. Ky. Mar. 30, 2007) (emphasis added) (citing 7-37 Moore's Federal Practice *Civil* § 37.70 (2006); *United States v. Watchmakers of Switzerland Info. Center, Inc.,* 25 F.R.D. 197, 199 (S.D.N.Y.1959)); see also Fed. R. Civ. P. 36, Advisory Committee Notes to 1970 Amendment ("The sanction for failure of a party to inform himself [of information readily obtainable] before he answers [the admission] lies in the award of costs *after trial*, as provided in Rule 37(c)." (emphasis added)).

Normally a trial is required to resolve the substantive issues underlying the Requests for Admissions. This case is slightly different, however, because the Court resolved the fundamental issue of Jones' liability through its Memorandum Opinion and Order, dated May 1, 2013, obviating a need for trial on these matters. [R. 141.] Furthermore, the Court suspects that the rules anticipate that one of the most substantial costs which might be compensated for in such a sanctions motion, is that of going to trial. Nevertheless, because the Court has definitively resolved the issue of liability, this issue is now ripe for the Court's consideration.

Conceptually, the Petros advance two arguments. First, they suggest that Auto-Owners' failed to undertake a *reasonable inquiry*, thereby requiring them to propound additional, expensive discovery. Second, they complain that Auto-Owners refused to supplement their admissions following the receipt of the aforementioned evidence. The Court considers these arguments in turn.

### 1

Auto-Owners refused to admit to any of three contested admissions, claiming they had undertaken a "reasonable inquiry" and could not admit or deny. The Petros complain that Auto-Owners "most egregiously… misrepresented to the Court and counsel that they undertook 'reasonable inquiry' … when they did not." [R. 144 at 9.] They lament that, "at no point…did Auto-Owners…contact **any** of the witnesses to the collision, nor did they contact Officer John Hurd, the investigation officer assigned to the accident." [Id.]

Fundamentally, the Court disagrees with the Petros' contention that Rule 36 requires defendants to collect information from third parties, outside their immediate control, for the explicit purpose of responding to requests for admissions. As provided in the standard, *supra*, a reasonable inquiry is limited to an inquiry of "persons and documents within the responding

7

party's control (e.g., its employees, partners, corporate affiliates, etc.)." *U.S. ex rel. Englund*, 235 F.R.D. at 685.

The Petros suggest that Auto-Owners had an obligation to interview witnesses, the officer that investigated the incident and both the driver and passenger in the vehicle. [R. 144 at 9.] They argue that Auto-Owners' non-investigation is in violation of Indiana Law. [R. 149 at 6.] This argument, however, inappropriately conflates violations of Indiana law and the discovery rules. While Auto-Owners might ultimately be found to have violated laws requiring good faith or fair settlement practices, Federal Rule 36 does not place this type of burden on defendants. The *reasonable inquiry* standard does not require that defendants perform discovery on a plaintiff's behalf.

Also, the Court cannot overlook the fact that Auto-Owners did provide responses, which included objections that the requests were premature and sought legal conclusions. Auto-Owners provided short responses, always limited with the caveat that they were not waiving their objections. If the Petros thought these answers were insufficient then the Petros could have petitioned the Court to review their sufficiency under Fed. R. Civ. P. 36(a)(6).[1] If the Petros suggestions about the importance of these requests for admissions are true, this simple step could have saved them much time and money.

**2**

Plaintiffs further complain that Auto-Owners did not supplement their admissions despite overwhelming evidence of liability. In support of this argument, the Petros summarize the

---

[1] "The requesting party may move to determine the sufficiency of an answer or objection. Unless the court finds an objection justified, it must order that an answer be served. On finding that an answer does not comply with this rule, the court may order either that the matter is admitted or that an amended answer be served." Fed. R. Civ. P. 36(a)(6).

deposition and affidavit testimony that was collected, discussed *supra I*, and then provide an incomplete citation to Federal Rule of Civil Procedure 26(e)(1). [R. 144 at 8 (citing Fed.R.Civ.P. 26(e)(1), "A party who has…responded to a … request for admission…must supplement or correct its… response.")] This partial citation is misleading because Rule 26(e) provides an important caveat to the Petros suggestion that there is a universal duty to supplement admissions. Federal Rule of Civil Procedure 26 (e) provides:

> A party who has made a disclosure under Rule 26(a)--or who has responded to an interrogatory, request for production, or request for admission--must supplement or correct its disclosure or response: **(A)** in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and **if the additional or corrective information has not otherwise been made known to the other parties during the discovery process** or in writing; or **(B)** as ordered by the court.

Fed. R. Civ. P. 26 (emphasis added). Auto-Owners argues that the evidence the Petros cite falls clearly into this excepted category of evidence as the evidence was "known to the other parties." The Petros make an interesting point, however, that the information they were seeking from Auto-Owners was not evidence of facts in the record, but "Auto-Owners' determination of Jones' liability for the accident, and Auto-Owners' lack of evidence of comparative negligence by Brandon Petro." [R. 149.] These concessions were not made to the Petros. The Court questions, however, whether these requests were properly directed to Auto-Owners.

### 3

The Court's decision not to impose sanctions is additionally informed by other considerations. First, the Court questions whether the Petros' "expensive and time-consuming discovery" is fairly attributable to "Defendants' continued denials and purported inability to admit or deny the Requests." [R. 144 at 6.] Rule 37(c)(2) provides that the Court may sanction for "reasonable expenses, including attorney's fees, incurred in making that proof." Fed. R. Civ.

9

P. 37(c). The rule provides an exception, however, where the responses to the requests for admissions were of no substantial importance. Auto-Owners points out, and the Court agrees, that the Petros would have likely conducted the exact same discovery, notwithstanding Auto-Owners' response, to prepare the motion for summary judgment against Jones. Auto-Owners argues there was no nexus between their failure to admit and the costs incurred.[2] [R. 146 at 8.] If anything, the Petros were less impeded in arguing the motion for summary judgment because of Auto-Owners lack of opposition to the Court determining liability at that stage. While this issue of what costs are fairly attributable has no impact on Auto-Owners' responsibility to comply with the civil rules, it does weigh on the Court's decision that sanctions are not appropriate. Second, the Court also considers that the relevant rules anticipate parties normally seek sanctions *following a trial*. As the Court explained, the issues of liability have been resolved so the Court feels comfortable resolving the issue at this juncture. Nevertheless, the advisory committee's wording and relevant case law seems to recognize that sanctions for refusing to admit are most often available to compensate for the expensive cost of going to trial. No such costs were borne here and the Court has been made aware of no other case where a

---

[2] In their response, Auto-Owners provides the following citation:

> In determining an award pursuant to Rule 37(c) (2) the court looks for "a sufficient causal nexus between the expenses claimed, and the failure to admit. In other words, the court may ask, "if the party to whom the requests were sent had admitted the matters that it should have admitted, which facts would the propounding party not have to prove?" The reasonable expenses incurred in proving those facts are recoverable. If a party's failure to admit did not cause the propounding party to incur additional expenses ..., no award would be justified."

*Cook v. IPC Int'l Corp.*, 09-CV-275-JPG, 2012 WL 5354541 (S.D. Ill. Oct. 29, 2012) (quoting *Hicklin Eng'g, L.C. v. Bartell,* 2005 WL 3805914, at *1 (E.D. Wis. Mar.31, 2005) (quoting 3 James Wm. Moore et al., Moore's Federal Practice § 13.31 (3d ed. 2004 supp.)).

Court has awarded similar sanctions after the entry of a summary judgment order. Third, the Petros could have petitioned the Court to review the admissions' sufficiency under Fed. R. Civ. P. 36(a)(6) and, if the court found the responses insufficient, order a more complete response. Finally, the Court notes the Petros have also alleged Auto-Owners acted in bad faith for not admitting Jones was solely at fault for the accident and not engaging in good faith settlement negotiations. It is likely that many of the arguments made in the motions before the Court will be addressed when those bad faith claims are adjudicated. Today's holding, however, is limited to finding that Auto-Owners does not owe sanctions for non-compliance with the Federal Rules of Civil Procedure.

### III

Accordingly, and the Court being sufficiently advised, it is **HEREBY ORDERED** that the Petros' Motion for Sanctions [R. 144] is **DENIED**.

This 12th day of March, 2014.

Signed By:
*Gregory F. Van Tatenhove*
United States District Judge